Filed 5/15/23  In re A.E. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re A.E. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E079216 |
| Plaintiff and Respondent, | (Super.Ct.No. J-249616-17) |
| v. | OPINION |
| K.S., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steven A. Mapes, Judge.  Affirmed.

Jamie A. Moran, under appointment by the Court of Appeal, for Defendant and Appellant.

Tom Bunton, County Counsel, and Svetlana Kauper, Deputy County Counsel for Plaintiff and Respondent.

1

Years after the paternal grandmother of the children in this juvenile dependency matter was appointed as the children's legal guardian, the *maternal* grandmother sought, in successive petitions, to be added as a legal guardian or become the children's sole legal guardian. The trial court summarily denied both. We affirm, as it was not an abuse of discretion for the trial court to find that making the maternal grandmother a legal guardian did not promote the children's best interest.[1]

BACKGROUND

In the underlying dependency matter, plaintiff and respondent San Bernardino County Children and Family Services (CFS) filed section 300 petitions for the children (born 2008 and 2010), both initialed A.E., in 2013. A post-disposition status review report stated that defendant and appellant K.S. (maternal grandmother) was assessed at one point for placement but was denied due to prior, nonexempt criminal charges. The juvenile court terminated reunification services for the parents in 2014 and, later that year, after finding that the beneficial parental relationship exception to the termination of parental rights applied, appointed the paternal grandmother as the children's legal guardian. It then dismissed its dependency jurisdiction and retained jurisdiction over the children as wards of the legal guardianship. (See § 366.3, subd. (a)(3).)

Eight years later, maternal grandmother filed two section 388 petitions, which are at issue in this appeal, as well as a petition for probate guardianship, which is a part of the appellate record as an exhibit to one of the section 388 petitions. (See *Kimberly R. v.*

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

*Superior Court* (2002) 96 Cal.App.4th 1067, 1077 ["A section 388 petition may seek any conceivable change or modification of an existing order"].) The first section 388 petition, filed on May 20, 2022, asked the juvenile court to "change" the legal guardianship over the children, stating that the guardian has "abused the power of the guardianship by mentally and physically abusing my grandkids." The petition stated: "I want to be able to get guardianship, share guardianship, or [get] visitations." The first section 388 petition also requested the juvenile court to transfer the case to Riverside County.

In the probate guardianship petition attached to the section 388 petition, maternal grandmother made several allegations against the guardian. Many were directed at the guardian's treatment of maternal grandmother, including that the guardian "has used my grandchildren's guardianship as leverage to humiliate [maternal grandmother] in front of" the children and that the guardian "has verbally abused [maternal grandmother] by excessively yelling at" her. Others, however, were directed at the guardian's treatment of the children, such as an allegation that the guardian's son-in-law, who lives with the guardian, peeped through the bathroom window while one of the children was inside. The petition also alleged that the guardian had slapped both children and mentally and physically abused them.

On May 25, 2022, the juvenile court summarily denied the petition, specifying on a form that the petition was denied in part because the proposed change of order did not promote the best interest of the children.

3

On June 8, 2022, maternal grandmother filed a second section 388 petition. Alleging that "[t]here has been nothing but ongoing yelling, insulting, humiliations, [and] embarrassments caused by [the guardian] every time I would . . . go visit my grandkids," the petition asked that the guardianship order be changed such that maternal grandmother and the guardian "share the guardianship 50/50" or, in the alternative, for unsupervised visits "to avoid humiliations, gossip, and embarrassments." The trial court summarily denied the petition the next day, again indicating that the proposed change did not promote the best interest of the children.

In her notice of appeal, maternal grandmother wrote: "I find that the judge the county counsel and CFS did not help me solve the issues." Although she did not mark the box on the form indicating that she was appealing from a section 388 petition, the case number written on the notice of appeal matches those written on the first page of both of the section 388 petitions.

                                    DISCUSSION

On appeal, maternal grandmother contends that "[t]he petition" warranted at least a hearing. She does not specify which section 388 petition she refers to, but her citations to the record in the argument sections of her briefs are to only the first petition. We conclude that the appeal encompasses only the first section 388 petition, but that it should not be dismissed due to defects in the notice of appeal, as CFS has argued. We also note that the analysis below would apply with equal force to the second section 388 petition.

4

"A juvenile court order may be changed, modified or set aside under section 388 if the petitioner establishes by a preponderance of the evidence that (1) new evidence or changed circumstances exist and (2) the proposed change would promote the best interests of the child." (*In re Zachary G.* (1999) 77 Cal.App.4th 799, 806.) The petitioner "need only make a prima facie showing of these elements to trigger the right to a hearing on a section 388 petition and the petition should be liberally construed in favor of granting a hearing to consider the [petitioner's] request." (*Ibid.*)

"However, if the liberally construed allegations of the petition do not make a prima facie showing of changed circumstances and that the proposed change would promote the best interests of the child, the court need not order a hearing on the petition." (*In re Zachary G.*, *supra*, 77 Cal.App.4th at p. 806; see also Cal. Rules of Court, rule 5.570(d) [petition may be denied "ex parte" if the petition "fails to state a change of circumstance or new evidence that may require a change of order or termination of jurisdiction or fails to show that the requested modification would promote the best interest of the child"].) "When determining whether the petition makes the necessary showing, 'the court may consider the entire factual and procedural history of the case.'" (*In re Samuel A.* (2020) 55 Cal.App.5th 1, 7.) "We review the summary denial of a section 388 petition for abuse of discretion." (*Ibid.*)

Focusing solely on whether maternal grandmother demonstrated the second required element (that the proposed change would promote the best interest of the children), we see no abuse of discretion in the juvenile court's ruling. Maternal

5

grandmother requested legal guardianship status over the children or, in the alternative, visitation rights, but at no point has she addressed her criminal record, which in the past made her ineligible for placement. This alone strongly suggests, if not outright establishes, that the juvenile court was within its discretion to deny the requests.

To the extent the petition makes other requests, the juvenile court was within its discretion to deny them as well. At one point, maternal grandmother requested a "change" in the children's legal guardianship order, but she did not specify what that change should be. The first step in establishing that a proposed change in court order would be in the child's best interest is articulating a specific change for the court to consider. (See *In re Zachary G.*, *supra*, 77 Cal.App.4th at p. 806 [petitioner must establish that "*the proposed* change" would promote the child's best interests], italics added.) In addition, maternal grandmother requested that the case be transferred from San Bernardino County to Riverside County, but she did not state in the petition how such a transfer would be in the children's best interests. In her appellate briefs, she does not mention the request to transfer at all.

## DISPOSITION

The order denying maternal grandmother's section 388 petition, filed May 20, 2022, is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL_____
J.

We concur:

CODRINGTON
            Acting P. J.
FIELDS
                    J.